IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RITA RENE FRANKLIN,<br><br>*Plaintiff,*<br><br>v.<br><br>CHRISTINE WORMUTH, Secretary of the Army, in her official capacity,<br><br>*Defendant.* | Case No. 8:23-cv-02129-PX |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

I. FACTS AND ADMINISTRATIVE PROCEEDINGS ........................................................... 1

    A. Plaintiff's FOIA Request ............................................................................................ 1

    B. The Army's Search for Responsive Records ............................................................. 2

    C. Production of Military Police Report and Administrative History ............................ 5

II. STANDARD OF REVIEW .................................................................................................. 5

III.     ARGUMENT ................................................................................................................. 8

    A. The Army Conducted a Reasonable Search. .............................................................. 8

    B. Plaintiff Failed to Exhaust Administrative Remedies Pertaining to the Military Police Report. .................................................................................................................................. 12

    C. Defendant Properly Asserted Various FOIA Exemptions Pertaining to the Military Police Report. .................................................................................................................... 13

IV.     CONCLUSION ............................................................................................................ 15

Defendant, the United States Army (the "Defendant"), produced all responsive documents to Plaintiff Rita Franklin in response to her Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), request, but Plaintiff appears to challenge Defendant's search.

Summary judgment in Defendant's favor is appropriate. The attached and comprehensive declarations and exhibits establish that Defendant adequately searched for responsive records and properly invoked the pertinent FOIA exemptions. Because Defendant satisfies those burdens under the FOIA, and because Plaintiff cannot show a material issue as for Defendant's good faith, Defendant is entitled to summary judgment under Rule 56(a). Plaintiff moved for summary judgment, asserting that "it would appear that Defendant does not dispute Plaintiff[']s claims in their entirety in this matter." *See* Pl. Mot. for Summ. Judg. (ECF No. 10). To the contrary, Defendant contends that it performed an adequate search consistent with the demands of FOIA. As such, Plaintiff's Motion for Summary Judgment should be denied.

## I.   FACTS AND ADMINISTRATIVE PROCEEDINGS

### A.   Plaintiff's FOIA Request

Plaintiff is a former employee of the Fort Belvoir Soldier and Family Assistance Center, which fell under Army Community Services ("ACS") at Fort Belvoir. Tammey Braddy Decl. ("Braddy Decl.") ¶ 1, attached hereto as Exhibit 1. Army Community Services at Fort Belvoir falls under the Division of Family, Morale, Welfare, and Recreation ("FMWR"). *Id*. During the relevant period, Plaintiff's first line supervisor was Sherell Murray and Brent Jergensen was her second-line supervisor. *Id*. ¶ 6. While working at Fort Belvoir, Plaintiff filed formal equal employment opportunity complaints on November 21, 2014 and March 10, 2015, which were both dismissed. *Id*.

On August 25, 2020, Plaintiff submitted a FOIA request to the United States Army

Freedom of Information Act Office Records Management and Declassification Agency requesting four general categories of information relating to a Record of Inquiry ("ROI") dated June 2, 2016 (the "FOIA Request"). *See* Stephan Patterson Decl. ("Patterson Decl.") ¶ 2, attached hereto as Exhibit 2. Plaintiff requested:

> Records related to ROI report dated June 2, 2016, ARBELVOIR5JAN00277: 1. All evidence omitted from Tabs 5 thru 7 and 10 thru 12, located on page 132; ROI 000142 and page 139 ROI 000149; 2. Police report referenced on pages 165 thru 167 and ROI 000175 thru 000177. Also, the deposit report of this report as one has never been provided to Complainant Franklin to include all close out of the report documentation, investigator and witness statements and notes; 3. Witness statements in reference to statement referenced on page 172 of the report, ROI 000182; 4. Witness statements who were present at the kicking incident on July 17, 2014 referenced on the cover page of the ROI report and "investigated by Sherrell Murray and Brent Jurgersen, to include, all statements, notes and investigative reports concerning the incident.

*Id*.

Plaintiff's FOIA Request was forwarded to the U.S. Army Installation Management Command ("IMCOM") for processing and decision. May 11, 2023 Letter, attached hereto as Exhibit 3. By letters, emails, and phone calls, the Army communicated with Plaintiff regarding her FOIA Request. Patterson Decl. ¶ 4.

**B. The Army's Search for Responsive Records**

Upon receipt of the FOIA request, Stephan Patterson, with the designated FOIA office, contacted multiple activities on Fort Belvoir to conduct searches for responsive records. Patterson Decl. ¶¶ 3, 8, 9, 11. Based on Plaintiff's FOIA Request, Mr. Patterson requested the Equal Employment Opportunity office ("EEO") and the FMWR director to search for responsive records since Plaintiff's request related to an equal employment opportunity case and since Mr. Jurgersen and Ms. Murray worked under the supervision of FMWR. *Id*. ¶¶ 3, 9. Both the EEO and FMWR searched office files and computer systems for responsive records, but neither office located responsive records. *Id*.

After the litigation was filed, the same personnel and additional offices searched for responsive records. *See id.* ¶ 11. Olga Bryant at the EEO, George Dickson at FMWR, Tammey Braddy at ACS, Valerie Herbert at the Equal Employment Opportunity Office of Complaints and Compliance Review ("EEOCCR"), and Mr. Jurgersen (Plaintiff's former supervisor but still employed elsewhere by the Army) were all asked to search for responsive records. *Id.* They were provided with Plaintiff's FOIA Request and understood that Plaintiff was seeking records referenced in the ROI dated June 2, 2016. *Id.* ¶ 12.

## Part One of Plaintiff's FOIA Request

To assist with search efforts for documents responsive to part one, "1. All evidence omitted from Tabs 5 thru 7 and 10 thru 12, located on page 132 ROI 000142 and page 139 ROI 000149," personnel were made aware of what records populate tabs five through seven and ten through twelve in an EEO report of investigation:

  a. <u>Tab 5</u>: Information on EEO/harassment (sexual and non-sexual) training conducted during the two year period prior to the alleged harassment at issue. Identify method of training, dates of training, and list of attendees and certificates of training, (if provided) required of employees, supervisors, and managers in complainant's organization segment during this two-year period.

  b. <u>Tab 6</u>: Publications, e.g., newsletter articles, bulletin board items, etc., issued by the Activity on EEO/harassment (non-sexual) during the two-year period prior to the incidents of alleged harassment at issue.

  c. <u>Tab 7</u>: Documentation, if any, showing whether the supervisor or any management official was made aware of the alleged incidents of harassment. (If the complainant put management on written notice that she believed she was

3

  being harassed/subjected to a hostile work environment, provide a copy of the written notice.)

 d. <u>Tab 10</u>: Name, position, (title, pay plan, series, and grade), race, color, sex, and year of birth of the agency official(s) involved in the incidents of alleged harassment.

 e. <u>Tab 11</u>: Email addresses and commercial telephone numbers for all involved parties.

 f. <u>Tab 12</u>: Provide data (a list/spreadsheet/summary sheet) on memorandum for record within the organization(s) subordinate to the agency official(s) taking the action at issue for the prior two-year-period.  Specifically provide:

  i. Name, position (title, pay plan, series, and grade), race color, sex, and year of birth of each employee who had received a memorandum for record

  ii. Employee's offense, and the date of the action

  iii. Name, position (title, pay plan, series, and grade), race, color, sex, and year of birth of the proposing and deciding official(s)

  iv. If reprisal is alleged, indicate which employees had prior EEO activity.

*Id*. ¶ 12.

## Part Two through Four of Plaintiff's FOIA Request

  Based on Plaintiff's FOIA Request, Plaintiff appeared to seek records from an alleged kicking incident that was investigated by Fort Belvoir Military Police and her supervisors at the time, Mr. Jurgersen and Ms. Murray, and a harassment incident that was investigated Mr. Jurgersen and Ms. Murray.  *Id*. ¶ 13.  As such, for parts two, three, and four of Plaintiff's FOIA Request,

personnel were requested to use search terms such as "Franklin" "harassment" "Jurgersen" "Murray" "EEO" "equal opportunity" "kick" and "investigation" in their search. *Id*.

### C. Production of Military Police Report and Administrative History

On February 11, 2021, Mr. Patterson sent Plaintiff a redacted copy of the Fort Belvoir Military Police Report dated July 29, 2014 pursuant to part two of Plaintiff's FOIA Request. *Id*. ¶ 5. The Military Police Report related to Plaintiff's report of a kicking incident by a co-worker. *Id*. Mr. Patterson applied Exemptions (b)(6), (b)(7)(c), and (k)(2) to the eighteen-page report. *Id*. ¶ 6. In addition to the redacted report, Mr. Patterson sent a letter detailing the release, the redactions, and provided appeal rights and contact information to the U.S. Army Crime Records Center. *Id*. ¶ 7. As of November 7, 2023, the U.S. Army Crime Records Center had not received an appeal from Plaintiff. *Id.*

On December 12, 2022, Mr. James Larsen, Acting G-1, Director of Human Resources, sent Plaintiff a letter informing her that after a complete search, no responsive records were located. Dec. 12, 2022 Letter, attached hereto as Exhibit 4; Patterson Decl. ¶ 8. The letter explained that this was a "no records determination" and provided the Plaintiff with appeal rights and contact information. *Id*.

In response to the December 12, 2022 letter, Plaintiff filed an appeal dated January 25, 2023. May 11, 2023 letter; Patterson Decl. ¶ 10. On May 11, 2023, the Army Office of the General Counsel responded to Plaintiff's appeal. *Id*. The Assistant to the General Counsel, Mr. Blaine Markuson, found that IMCOM's efforts to locate responsive documents was reasonable and denied Plaintiff's appeal. *Id*.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law,' based on the 'materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials.'" *Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013) (quoting Fed. R. Civ. P. 56(a), (c)). An issue of fact is "genuine" only if the evidence is such that a reasonable factfinder could find for the non-moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is "material" only if it could affect the outcome of the case under the applicable governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The mere existence of some alleged factual dispute in the case, however, will not defeat an otherwise properly supported summary judgment motion. *See id.* at 247-48.

Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to set forth specific facts, through affidavits or other evidence, that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). The non-moving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

FOIA cases are generally resolved on summary judgment. *See Am. Mgmt. Servs., LLC v. Dep't of the Army*, 842 F. Supp. 2d 859, 866 (E.D. Va. 2012), *aff'd*, 703 F.3d 724 (4th Cir. 2013); *Moore v. United States*, No. 1:13-cv-02353, 2014 WL 2575765, at *2 (D. Md. June 6, 2014). To prevail on a summary judgment motion, the agency must prove that it conducted an adequate search for responsive records and that each responsive record was either produced to the plaintiff or exempt from disclosure. *See Nicholas v. NSA*, No. 1:05-cv-02800, 2006 WL 4071922, at *1 (D. Md. May 11, 2006); *see also Taitz v. Astrue*, 806 F. Supp. 2d 214, 217 (D.D.C. 2011).

6

To meet its burden, the Government may rely on reasonably detailed and nonconclusory affidavits or declarations. *Freeman v. DOJ*, 808 F.2d 834, 834 (4th Cir. 1986) (Table). To establish the adequacy of a search, an agency may provide a reasonably detailed affidavit that sets forth the "type of search performed, and averring that all files likely to contain responsive materials … were searched." *Clay v. DOJ*, No. 1:09-cv-00179, 2010 WL 325587, at *3 (D.D.C. Jan. 29, 2010) (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). In considering the agency's submissions, the Fourth Circuit has explained that "[i]t is imperative that the court consider and accord 'substantial weight to the expertise of the agencies charged with determining what information the government may properly release.'" *Bowers v. DOJ*, 930 F.2d 350, 357 (4th Cir. 1991) (quoting *Simmons v. DOJ*, 796 F.2d 709, 711 (4th Cir. 1986)); *see Havemann v. Astrue*, No. 1:10-cv-01498, 2012 WL 4378143, at *4 (D. Md. Sept. 24, 2012) (stating that such affidavits are "entitled to a presumption of good faith") (internal citation and quotation marks omitted).

If an agency has redacted information or withheld documents in response to a FOIA request, the agency must show that it properly invoked a FOIA exemptions. *See* 5 U.S.C. § 552(a)(4)(B); *Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). The agency can satisfy its burden through affidavits, declarations, a *Vaughn* index, or other evidence showing that the information is exempt from disclosure. *See, e.g.*, *Bowers*, 930 F.2d at 357 ("If the government fairly describes the content of the material withheld and adequately states its ground for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, a district court should uphold the government's position.") (quoting *Spannaus v. DOJ*, 813 F.2d 1285, 1289 (4th Cir. 1987)). "To prevail over this presumption a requestor must demonstrate a material issue by producing

7

evidence, through affidavits or other appropriate means, contradicting the adequacy of the search or suggesting bad faith." *Havemann v. Colvin*, 629 F. App'x 537, 539 (4th Cir. 2015).

### III. ARGUMENT

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *Casa de Md., Inc. v. U.S. Dep't of Homeland Sec.*, 409 F. App'x 697, 699 (4th Cir. 2011) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)). Thus, under FOIA, when a person or entity makes a specific and reasonable request for records from a federal agency, the agency must make the responsive records available. *See* 5 U.S.C. § 552(a)(3)(A); *Am. Mgmt. Servs., LLC v. Dep't of the Army*, 703 F.3d 724, 728 (4th Cir. 2013). Because public disclosure may not always be in the public interest, however, FOIA contains nine exemptions designed to safeguard various public interests against the harms that would arise from overbroad disclosure. *See Am. Mgmt. Servs., LLC*, 703 F.3d at 728-29 (internal citation and quotation marks omitted). Although courts narrowly construe the nine FOIA exemptions, "even such narrow construction does not imply that disclosure is always called for." *Sung Bal Cho v. USDA*, No. 1:05-cv-01456, 2006 WL 8456574, at *2 (D. Md. May 3, 2006).

Based on the record, Defendant's actions in responding to Plaintiff's FOIA Request are fully justified and, as a result, the Court should grant Defendant's Motion. The declarations comprehensively articulate the search Defendant conducted for responsive records and the descriptions of and justifications for the information Defendant withheld under Exemptions (b)(6), and (7)(C) concerning the Military Police Report.

**A. The Army Conducted a Reasonable Search.**

The Army has submitted detailed declarations demonstrating that it conducted a reasonable search for responsive records. An agency is entitled to summary judgment on the adequacy of its search if it demonstrates that it made a "'good faith effort to conduct a search ... using methods which can be reasonably expected to produce the information requested." *Manivannan v. Dep't of Energy, Nat'l Energy Tech. Lab.*, 843 F. App'x 481, 483 (4th Cir. 2021) (quoting *DiBacco v. Dep't of the Army*, 926 F.3d 827, 832 (D.C. Cir. 2019)). "There is no requirement that an agency search every record system." *Goldner v. SSA*, 293 F. Supp. 3d 540, 546 (D. Md. 2017) (quoting *Oglesby*, 920 F.2d at 68). Indeed, "the issue to be resolved is not whether there might exist any other documents possibly responsive to the [FOIA] request, but rather whether the search for those documents was adequate." *Rein v. USPTO*, 553 F.3d 353, 363 n.14 (4th Cir. 2009) (quoting *Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985)). The search is thus evaluated "not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Ayyad v. IRS*, No. 8:16-cv-03032, 2018 WL 704849, at *4 (D. Md. Feb. 2, 2018) (quoting *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003)).

An agency can obtain summary judgment as to the adequacy of its search by submitting "reasonably detailed, nonconclusory affidavits describing its efforts." *Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 318 (D.C. Cir. 2006). "When the adequacy of a search is challenged, an agency may demonstrate the adequacy of its search by submitting an affidavit that is 'reasonably detailed, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched so as to give the requesting party an opportunity to challenge the adequacy of the search.'" *Taitz v. Colvin*, No. 1:13-cv-01878, 2013 WL 6623196, at *2 (D. Md. Dec. 13, 2013) (quoting *Ethyl Corp. v. EPA*, 25 F.3d 1241, 1246-47 (4th Cir. 1994)). This standard is not demanding. "[I]n the

9

absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice ...." *Lindsey v. NSA*, No. 90-2408, 1990 WL 148422, at *2 (4th Cir. Oct. 9, 1990) (quoting *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982)).

Here, the declarations of Stephan Patterson, Brent Jurgenson, Olga Bryant, Tammey Braddy, Valerie Herbert, and George Dickson demonstrate that the Army conducted a thorough and reasonable search for responsive records.

Tammey Braddy, the Chief of Army Community Service at Fort Belvoir, reviewed Plaintiff's FOIA Request and focused her search on the Army Community Service shared computer drive. Braddy Decl. ¶ 4-8. Ms. Braddy searched the shared drive with the terms "Franklin," "harassment," "Jurgersen," "Murray," "EEO," "equal opportunity," and "kick investigation" as these terms related to Plaintiff and her EEO cases, but Ms. Braddy did not locate any responsive electronic files. *Id*. ¶ 8. Ms. Braddy also searched for the documents that would have populated tabs five through seven and ten through twelve in the ROI but did not locate responsive records. *Id*. Ms. Braddy searched for training certificates, EO publications, duty and phone rosters, and EEO actions for 2012 through June 2016 but did not find responsive documents. *Id*. Ms. Braddy also searched for records pertaining to parts three and four of Plaintiff's FOIA Request but did not find anything. *Id*. Ms. Braddy searched the Army Community Service hard copy files, including office drawers and cabinets, but did not locate responsive documents. *Id*. She searched for physical copies of the documents that would have populated tabs five through seven and ten through twelve in the ROI but had no success. *Id*. Ms. Braddy also searched her email with the terms "Franklin," "harassment," "Jurgersen," "Murray," "EEO," "equal employment," and "kick investigation," but she did not find responsive documents. *Id*.

10

George Dickson, the Director of FMWR at Fort Belvoir, reviewed Plaintiff's FOIA Request and focused his search efforts on FMWR's hard copy files and his email. Dickson Decl. ¶¶ 4-8, attached hereto as Exhibit 5. Mr. Dickson searched his office and the FMWR office building, including drawers and cabinets, but did not find responsive documents. He searched his email with the terms "Franklin," "harassment," "Jurgersen,' "Murray," "EEO," "equal opportunity," and "kick investigation," but did not find responsive documents. He also searched for documents responsive to parts three and four of Plaintiff's FOIA Request but did not find responsive documents. *Id*. ¶ 8. Although Brent Jurgersen is no longer in Plaintiff's chain of command nor employed at Fort Belvoir, Mr. Jurgensen reviewed Plaintiff's FOIA Request, he searched his current Army office for hard copy files related to Plaintiff's FOIA Request, he searched his Army email address with key terms "Franklin," "harassment," "EEO," "equal opportunity," "kick," and "investigation," but did not locate any responsive documents. Jurgersen Decl. ¶¶ 4-8, attached hereto as Exhibit 6.

Olga Bryant, the Equal Employment Opportunity Officer at Fort Belvoir, reviewed Plaintiff's FOIA Request and focused her search on the EEO computer share drive and EEO office hard copy files. Bryant Decl. ¶¶ 4-8, attached hereto as Exhibit 7. Ms. Bryant searched the EEO shared drive with the terms "Franklin" and "ARBELVOIR5JAN00277" (the assigned case number for Plaintiff's ROI), but Ms. Bryant did not locate any responsive electronic records. *Id*. ¶ 8. Ms. Bryant searched the EEO office hard copy files for "Franklin" and "ARBELVOIR5JAN00277," but she did not find any responsive files. *Id*. Valerie Herbert, an Equal Employment Opportunity Office of Complaints and Compliance Review ("EEOCCR") Officer, reviewed Plaintiff's FOIA Request and focused her search efforts on the EEO automated data system and EEOCCR hard copy files. Herbert Decl. ¶¶ 4-8, attached hereto as Exhibit 8. She searched for electronic records

11

with the terms "Franklin" and "ARBELVOIR5JAN00277" without success. *Id*. ¶ 8. Ms. Herbert searched the EEOCCR office hard copy files in the office filing cabinet for "Franklin" and "ARBELVOIR5JAN00277," but did not locate responsive documents. *Id*.

The Patterson, Jurgersen, Bryant, Braddy, Herbert, and Dickson declarations demonstrate that the Army's search was reasonably calculated to locate responsive records. Defendant is entitled to summary judgment as to the adequacy of its search. *See, e.g.*, *Charnock v. Barr*, No. 1:18-cv-00676, 2019 WL 3238581, at *3 (D.D.C. July 18, 2019) (holding that the DOJ's "declaration supports the adequacy of [its] search by providing the specific search term used, the files searched, and an explicit declaration that all files likely to contain responsive records were searched"); *see also Mobley v. CIA*, 806 F.3d 568, 584 (D.C. Cir. 2015) (finding the FBI's search of the CRS to be adequate because of, in part, an agency declaration asserting that the FBI's search was "reasonably likely to produce the information [plaintiff] requested").

**B. Plaintiff Failed to Exhaust Administrative Remedies Pertaining to the Military Police Report.**

In the Fourth Circuit, before a Plaintiff can seek judicial review, she must "exhaust [her] administrative remedies by appealing an issue through the FOIA administrative process following an initial adverse determination by the agency." *Coleman v. Drug Enf't Admin.*, 714 F.3d 816, 820 (4th Cir. 2013). "'Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'" *Bahrampour v. Dep't of the Army*, No. 1:22-cv-00710-JRR, 2023 U.S. Dist. LEXIS 7612, *1 (D. Md. Jan. 15, 2023) (citing *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990).

On February 11, 2021, Mr. Patterson provided Plaintiff with the releasable portions of the requested Military Police Report. Feb. 11, 2021 Letter, attached hereto as Exhibit 9. When Mr.

12

Patterson provided Plaintiff with the redacted police report, he also provided her appeal rights and the contact information to the U.S. Army Crime Records Center. *Id*.; *see also* Patterson Decl. ¶ 7. The February 11, 2021 letter advised Plaintiff that any appeal had to be filed no later than sixty days from the date of the letter and "should include a statement as to the reason you believe that the identifying information should be released." February 11, 2021 Letter.

Plaintiff, however, never exercised her appeal rights. Michelle Kardelis, the Chief of Freedom of Information Act and Privacy Act at Department of the Army Criminal Investigation Division, receives and reviews FOIA appeals sent to the U.S. Army Crime Records Center in Quantico. Kardelis Decl. ¶ 1, attached hereto as Exhibit 10. She searched the online database where appeals are logged and tracked to determine whether Plaintiff ever submitted an appeal between 2021 and December 2023. *Id*. ¶ 2. Ms. Kardelis did not locate any record of an appeal by Plaintiff. *See id*.

Even if the court finds Plaintiff exhausted administrative remedies with respect to the Military Police Report, Defendant properly asserted various FOIA exemptions.

### C. Defendant Properly Asserted Various FOIA Exemptions Pertaining to the Military Police Report.

"FOIA Exemptions 6 and 7(C) seek to protect the privacy of individuals identified in certain agency records." *Am. Civil Liberties Union v. DOJ*, 655 F.3d 1, 6 (D.C. Cir. 2011). Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). For this exemption to apply, the information at issue must be maintained in a government file and "appl[y] to a particular individual." *U.S. Dep't of State v. Wash. Post Co*., 456 U.S. 595, 602 (1982). The agency then balances the individual's right to privacy against the public's interest in disclosure. *Reed v. NLRB*, 927 F.2d 1249, 1251 (D.C. Cir. 1991).

Exemption 7(C) authorizes withholding of records compiled for law enforcement purposes if their release "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). This exemption requires the agency to balance the individual's privacy rights against the public interest in disclosure. *See DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 762 (1989).

Courts broadly construe the privacy interests protected by Exemptions 6 and 7(C). *See Reporters Comm. for Freedom of the Press*, 489 U.S. at 763. For example, although the names of government employees are not categorically protected, there is still a strong presumption against release. *See Cooper v. DOJ*, 169 F. Supp. 3d 20, 36 (D.D.C. 2016). "Generally, government employees and officials, especially law enforcement personnel, have a privacy interest in protecting their identities because disclosure 'could subject them to embarrassment and harassment in the conduct of their official duties and personal affairs.'" *Moore v. Bush*, 601 F. Supp. 2d 6, 14 (D.D.C. 2009) (quoting *Halpern v. FBI*, 181 F.3d 279, 296-97 (2d Cir. 1999)).

Here, Defendant has withheld under Exemptions 6 and 7(C) names and other identifying information of several categories of individuals: (i) parties who provided information; (ii) law enforcement staff; (iii) individuals of investigative interest; and (iv) third parties merely mentioned. Patterson Decl. ¶ 6. Moreover, the Patterson Declaration outlines how Defendant weighed the individual's privacy interests against any public interest in disclosure. *See id.* Summary judgment as to Defendant's Exemption 6 and 7(C) claims is therefore warranted.

FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b). The duty to segregate does not require disclosure of records in which the non-exempt information that remains is meaningless. *See Nat'l Sec. Archive Fund, Inc.*

*v. CIA*, 402 F. Supp. 2d 211, 220-21 (D.D.C. 2005) (concluding that no reasonably segregable information exists because, as stated in the defendant's declaration, "the non-exempt information would produce only incomplete, fragmented, unintelligible sentences composed of isolated, meaningless words"). As set forth in the Patterson Declaration all reasonably segregable information in the Military Police Report has been released to Plaintiff. Patterson Decl. ¶ 6. Accordingly, Defendant has produced all "reasonably segregable portion[s]" of the responsive records. *See* 5 U.S.C. § 552(b).

### IV.    CONCLUSION

For the reasons Defendant explains above, the Court should grant this Motion, enter summary judgment in Defendant's favor, and dismiss the Complaint with prejudice.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:     /s/
Rebecca Koch (Bar No. 802108)
Assistant United States Attorney
6406 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
301-344-4233
rebecca.koch@usdoj.gov

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 5, 2024, I caused a copy of the foregoing Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment to be served via the Court's CM/ECF system on all parties receiving electronic notices in this case.

_____/s/_____
Rebecca Koch
Assistant United States Attorney

1